UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:17-cv-03291-CAS-AGRx | Date | August 4, 2023 |
|---|---|---|---|
| Title | SILVERLAKE PARK, LLC v. STEWART TITLE GUARANTY COMPANY ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

Not Present                                          Not Present

**Proceedings:** (IN CHAMBERS) - MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR FIRST CAPITAL REAL ESTATE INVESTMENTS LLC (Dkt. 124, filed on June 27, 2023)

Presently before the Court is Joshua Brinen's motion to withdraw as counsel for First Capital Real Estate Investments LLC ("First Capital"). The Court finds that the motion is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On June 6, 2023, the Court lifted the stay in this action, which was imposed on January 19, 2018, and set a scheduling conference for June 26, 2023, to reset the dates in the case. Dkt. 115. Thereafter, the parties submitted a joint stipulation to continue the date of the scheduling conference so that counsel for third-party defendants First Capital and VC Visions, LLC could file respective motions to withdraw as counsel. The Court granted the parties' stipulation on June 15, 2023. Dkt. 119.

In accordance with the parties' stipulation, counsel for First Capital filed the instant motion on June 27, 2023. See Dkt. 120. No other party in the litigation opposes the motion. See Dkt. 124-1, Declaration of Joshua Brinen ("I have timely met and conferred with all counsel . . . None have indicated they will oppose. . . ."); Dkt. 130 (Notice of Non-Opposition filed by Stewart Title Guaranty Company).

Local Rule 83-2.9.2.1 allows an attorney to withdraw as counsel only upon leave of court. If withdrawal will cause delay in the case, the court will not allow the attorney to withdraw unless "good cause is shown and the ends of justice require [such relief]." L. R. 83-2.9.2.4. Failure to pay attorneys' fees is normally sufficient grounds for withdrawal. Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992) (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-03291-CAS-AGRx | Date | August 4, 2023 |
|---|---|---|---|
| Title | SILVERLAKE PARK, LLC v. STEWART TITLE GUARANTY COMPANY ET AL. | | |

Liberty-Ellis Island Found., Inc. v. Int'l United Indus., Inc., 110 F.R.D. 395, 397 (S.D.N.Y. 1986)).  If withdrawal is allowed, the affected parties then "shall appear pro se or appoint another attorney by a written substitution of attorney."  L.R. 83-2.9.2.3.  However, a corporation "may not appear in any action or proceeding pro se."  L.R. 83-2.10.1.

The Court concludes that counsel has made a sufficient showing of good cause, and thus hereby **GRANTS** the instant motion to be relieved as counsel.  Counsel is hereby ordered to provide First Capital with notice of the Court's order in accordance with Local Rule 83-2.9.2.3.  Since First Capital is a corporate entity, and as such may not appear pro se, First Capital's counsel is ordered to inform it that First Capital must retain new counsel within thirty (30) days of the date this order takes effect.  First Capital's counsel shall advise it that failure to retain new counsel or otherwise respond within thirty (30) days may result in the imposition of sanctions or the entry of default.  Counsel shall attach a copy of this order to the letter, and shall otherwise comply with all applicable rules of professional responsibility.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |