UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:17-cv-03291-CAS-AGRx | Date | February 12, 2024 |
|---|---|---|---|
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

Not Present                                                    Not Present

**Proceedings:**   (IN CHAMBERS) - MOTION FOR DEFAULT JUDGMENT AGAINST THIRD-PARTY DEFENDANTS FIRST CAPITAL REAL ESTATE INVESTMENTS, LLC, VC VISIONS, LLC, AND SHERR, LLC (Dkt. 144, filed on January 12, 2024)

## I.   INTRODUCTION & BACKGROUND

Presently before the Court is defendant and third-party plaintiff Stewart Title Guaranty Company's ("STG") motion for default judgment against third-party defendants First Capital Real Estate Investments, LLC ("First Capital"), VC Visions, LLC ("VCV"), and Sherr, LLC ("Sherr"). Dkt. 146 ("Mot."). The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the matter is hereby taken under submission.

The history and facts of this case are well-known to the parties and set forth in the Court's October 2, 2017, order. See dkt. 38.

On August 21, 2017, plaintiff Silverlake Park, LLC ("Silverlake") filed its operative complaint against STG seeking $13,000,000 in damages for breach of fiduciary duty and negligence. Dkt. 26. The gravamen of Silverlake's complaint is that Silverlake invested $13,000,000 in a real estate transaction, but STG, in its capacity as escrow holder, impermissibly released those funds to other parties.

On October 30, 2017, STG filed a third-party complaint against defendants First Capital, VCV, Sherr, Saper, Inc. ("Saper"), and Dromy International Investment Corp. ("Dromy") for breaches of their contractual and equitable obligations to STG. Dkt. 43. STG alleges that, on January 9, 2015, First Capital and VCV entered into an Agreement for the sale of several properties defining First Capital as the "Seller/Owner" and VCV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-03291-CAS-AGRx | Date | February 12, 2024 |
|---|---|---|---|
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

(or its assignee) as the "Buyer." Dkt. 43 ¶¶ 16, 19. The Agreement provides that STG would serve as the Escrow Holder for the transaction. Id. ¶ 17. The Agreement contains a release and indemnification clause providing that:

> Buyer hereby releases, indemnifies and agreed to defend and hold Owner free and harmless from and against any and all obligations, lawsuits, injuries, losses, damages, claims, liens, costs, expenses, demands, liabilities, judgments, penalties, investigation costs, including attorneys' fees and costs, incurred in connection with, arising directly or indirectly out of, or in any way connected with . . . . (ii) any act or omission of Buyer, its employees, agents, consultants, contractors or anyone acting by, through, under, or at the direction, of the foregoing in connection with this Agreement, or (iii) Buyer's breach of any of the terms of this Agreement." Dkt. 43-1 at 40.

The Agreement further provides that:

> Buyer's indemnification and obligation to defend and hold Owner harmless pursuant to this Agreement shall extend to the shareholders, directors and officers of Owner, any party owning a direct or indirect interest in Owner, the affiliates of Owner, and the shareholders, directors, officers, employees, tenants, licensees, contractors, representatives and agents of each of the foregoing parties. Id. at 40-41.

> Buyer's indemnification of Seller pursuant to the Access Agreement shall extend to the shareholders, directors and officers of Seller, any party owning a direct or indirect interest in Seller, the affiliates of Seller, and the shareholders, directors, officers, employees, tenants, licensees, contractors, representatives and agents of each of the foregoing parties (collectively, the 'Seller-Related Parties'). Id. at 9.

> Buyer agrees to indemnify and hold harmless the Seller-Related Parties, from and against all claims, demands, causes of action, judgments, and liabilities which may be asserted or recovered for . . . other compensation in connection with the transaction contemplated under th[e] Agreement claimed by any party other than Seller's Broker or Buyer's Broker to be owing to such party due to any dealings between Buyer and the party claiming such . . . compensation, including costs and reasonable attorneys' fees incident thereto. Id. at 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:17-cv-03291-CAS-AGRx | Date | February 12, 2024 |
|---|---|---|---|
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

On January 19, 2018, based on the parties' stipulation, this Court stayed this action pending the outcome of three related lawsuits involving Silverlake and several of the Third-Party Defendants that were then pending in Los Angeles Superior Court (the "State Court Lawsuits"). Dkt. 67.

On March 19, 2019, counsel for Sherr moved to withdraw as counsel of record. Dkt. 72. On April 9, 2019, the Court granted the request and ordered Sherr to retain counsel within 30 days to comply with Local Rule 83-2.2.2. Dkt. 74

On May 5, 2023, after final resolution of the State Court Lawsuits, Silverlake moved to lift the stay of this action. Dkt. 109. On June 6, 2023, after a hearing, the Court lifted the stay effective as of June 20, 2023. Dkt. 115.

On June 19, 2023, counsel for VCV moved to withdraw as counsel of record for VCV. Dkt. 120. On June 27, 2023, counsel for First Capital similarly moved to withdraw as counsel for First Capital. Dkt. 124. On July 24, 2023, and August 4, 2023, the Court granted both requests and ordered VCV and First Capital to retain counsel within 30 days. Dkts. 131, 134.

On October 30, 2023, the Court held a status conference. Dkt. 138. First Capital, VCV, and Sherr (the "Defaulted Third-Party Defendants") were not represented and did not appear. Id. In response, the Court ordered each of the Defaulted Third-Party Defendants to "show cause in writing not later than November 20, 2023, why their answers should not be stricken and default entered against them." Id.

On December 13, 2023, after none of the Defaulted Third-Party Defendants filed a response, the Court ordered their answers stricken and placed them in default. Dkt. 142. The Clerk entered default against each of the Defaulted Third-Party Defendants on the same day. Dkt. 143.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-03291-CAS-AGRx | Date | February 12, 2024 |
|---|---|---|---|
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp., Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Ent. Inc. v. Elias, No. CV03-6387DT(RCX), 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55-1.

### III. DISCUSSION

#### A. Procedural Requirements

To satisfy the procedural requirements for entry of default judgment, the plaintiff must follow the "requirements set forth in Federal Rules of Civil Procedure 54(c) and 55,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-03291-CAS-AGRx | Date | February 12, 2024 |
|---|---|---|---|
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., 2018 WL 1989518, at *1. Here, the procedural requirements for default judgment are satisfied because (1) STG served the Defaulted Third-Party Defendants with its third-party complaint and summons; (2) the clerk entered default against each of the Defaulted Third-Party Defendants; (3) STG submitted a declaration establishing that the Defaulted Third-Party Defendants are each corporate entities, not minors or incompetent persons, and are not in military service such that the Servicemembers Civil Relief Act does not apply. Dkt. 144-1 ("Anderson Decl."). Notice of STG's motion for default judgment was properly served on the Defaulted Third-Party Defendants pursuant to Local Rule 55-2. Id.; dkt. 147.

Accordingly, STG has satisfied the procedural requirements for default judgment under the Federal and Local Rules. The Court now proceeds to STG's motion for default judgment.

### B. Application of the Eitel Factors

#### 1. Risk of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471-72. Courts favor entry of default judgment when, absent entry of default judgment, plaintiffs "will likely be without other recourse for recovery." PepsiCo, 238 F. Supp. 2d at 1175.

Here, in the absence of default judgment, STG would be without recourse for recovery against the Defaulted Third-Party Defendants if Silverlake ultimately obtains a right to recovery against STG. The Defaulted Third-Party Defendants actively "litigated this action prior to the stay [and] litigated to conclusion each of the State Court Actions" prior to their counsel withdrawing. Mot. at 6. Each of the Defaulted Third-Party Defendants are corporations and are thereby barred from proceeding *pro se* under Local Rule 83-2.2.2. Yet, despite this Court's repeated instruction, the Defaulted Third-Party Defendants have failed to retain counsel. See 74, 131, 134, 138.

Accordingly, the first Eitel factor weighs in favor of entering default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-03291-CAS-AGRx | Date | February 12, 2024 |
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

    2.    <u>Sufficiency of the Complaint and the Likelihood of Success on the Merits</u>

Courts often consider the second and third <u>Eitel</u> factors together. See <u>PepsiCo</u>, 238 F. Supp. 2d. at 1175; <u>HTS, Inc. v. Boley</u>, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third <u>Eitel</u> factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." <u>PepsiCo</u>, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also <u>Danning v. Lavine</u>, 572 F. Supp. 2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). For the purposes of default judgment, all well-pleaded allegations in the complaint, except for those relating to damages, are assumed to be true. <u>Geddes v. United Fin. Grp.</u>, 559 F. 2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." <u>Cripps v. Life Ins. Co. of N. Am.</u>, 980 F. 2d 1261, 1267 (9th Cir. 1992).

Here, STG moves for default judgment against the Defaulted Third-Party Defendant regarding its claims for (1) contractual indemnity; (2) breach of the implied covenant of good faith and fair dealing; and (3) equitable indemnity.[1] Dkt. 43; Mot. at 7.

    a. *Contractual Indemnity*

Express contractual indemnity "refers to an obligation that arises by virtue of express contractual language establishing a duty in one party to save another harmless upon the occurrence of specified circumstances" and "is enforced in accordance with the terms of the contracting parties' agreement." <u>Prince v. Pac. Gas & Elec. Co.</u>, 45 Cal. 4th 1151, 1158 (2009).

Here, STG has sufficiently stated a claim for express contractual indemnity. According to STG's cross-complaint, the Agreement between First Capital and VCV contains an indemnification clause providing that:

---

[1] STG also alleges a cause of action for contribution, but it acknowledges that "the right of contribution does not come into existence until the issuance of a money judgment." Mot. at 7. Since STG seeks entry of default judgment only as to liability of the Defaulted Third-Party Defendants at this time, "STG reserves the right to seek entry of default judgment on this cause of action if a judgment is entered against it." <u>Id.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:17-cv-03291-CAS-AGRx | Date | February 12, 2024 |
|---|---|---|---|
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

Buyer's indemnification and obligation to defend and hold Owner harmless pursuant to this Agreement shall extend to the shareholders, directors and officers of Owner, any party owning a direct or indirect interest in Owner, the affiliates of Owner, and the . . . representatives and *agents* of each of the foregoing parties. Dkt. 43-1 at 40-41 (emphasis added).

Buyer's indemnification of Seller pursuant to the Access Agreement shall extend to the shareholders, directors and officers of Seller, any party owning a direct or indirect interest in Seller, the affiliates of Seller, and the . . . representatives and *agents* of each of the foregoing parties (collectively, the 'Seller-Related Parties'). Id. at 9.

STG claims that, as the named escrow holder, it "is an agent and fiduciary of both parties to the escrow" as a matter of law and is therefore an "agent" of the "Buyer," an "agent" of the "Seller" or "Owner," and a "Seller-Related Party" under the terms of the Agreement. Dkt. 43 ¶¶ 23-24. It therefore alleges that VCV, as the Buyer, is "obligated to defend and to indemnify STG from any and against any and all obligations . . . in connection with this action." Id. ¶ 32. While STG "denies that anyone but VCV was the 'Buyer' under the Agreement or escrow," it acknowledges that plaintiff Silverlake contends that VCV assigned some or all of its interest as a "Buyer" to Dromy, First Capital, and Saper. Id. ¶ 26. As a result, STG alleges that "*if* it is determined that Dromy[], Saper, and/or Sherr were 'Buyers' or assignees of a 'Buyer' under the Agreement, then Dromy[], Saper, and/or Sherr are obligated to defend and indemnify STG from and against any and all obligations . . . in connection with this action." Id. ¶ 35 (emphasis in original). STG also argues that First Capital, as the Seller, is obligated to indemnify STG pursuant to the terms of the Agreement as well. Dkt. 43 ¶ 45. STG moves for default judgment against the Defaulted Third-Party Defendants solely as to liability, as "the amount of any recovery by STG against the Defaulted Third-Party Defendants will depend on the resolution of still-pending claims between STG and Silverlake." Mot. at 2.

The Court finds that the language in the Agreement clearly defines the Buyer's and Seller's obligations to indemnify STG from harms arising out of the Agreement. These obligations would extend to Dromy, First Capital, and/or Saper if there was a finding that these parties were Buyers and/or assignees of a Buyer under the Agreement. Thus, STG has sufficiently stated a claim for express contractual indemnity against the Defaulted Third-Party Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:17-cv-03291-CAS-AGRx | Date | February 12, 2024 |
|---|---|---|---|
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

### b. *Implied Covenant of Good Faith and Fair Dealing*

To establish a breach of the covenant of good faith and fair dealing in California, a plaintiff must show:

(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct.

Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).

STG alleges that First Capital and VCV have breached the implied covenant of good faith and fair dealing in the Agreement by "failing to provide STG with sufficient written notice and evidence of Silverlake's involvement in the escrow and—*if* any of Silverlake, Dromy International, Sherr, or Saper are determined to be a party or parties to the Agreement—of the addition of new parties to the Escrow, which information First Capital, and VCV knew to be material to STG's obligations under the Agreement." Dkt. 43 ¶ 50 (emphasis in original). STG also alleges that, "*[i]f* any of Silverlake, Dromy International, Sherr, or Saper is determined to be a party to the Agreement, then each such party has breached the covenant of good faith and fair dealing implied in the Agreement" by similarly failing to provide STG with sufficient notice of the addition of new parties to the Agreement and/or the Escrow. Id. ¶ 51 (emphasis in original). STG claims that it 'has improperly been denied the benefits owed to it under the Agreement, and has suffered damages in the form of costs and attorneys' fees incurred in this action." Id. ¶ 52. The Court finds that STG has sufficiently pled its claim for breach of the implied covenant of good faith and fair dealing against the Defaulted Third-Party Defendants.

### c. *Equitable Indemnity*

In California, the elements of a cause of action for equitable indemnity are "(1) a showing of fault on the part of the indemnitor and (2) resulting damages to the indemnitee for which the indemnitor is equitably responsible." C.W. Howe Partners Inc. v. Mooradian, 43 Cal. App. 5th 688, 700 (2019) (internal citations omitted). Equitable indemnity "requires no contractual relationship," and is "subject to allocation of fault principles and comparative equitable apportionment of loss." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:17-cv-03291-CAS-AGRx | Date | February 12, 2024 |
|---|---|---|---|
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

Here, STG alleges that each of the Defaulted Third-Party Defendants "acted in a manner that contributed substantially to the purported injuries Silverlake alleges in its FAC that it suffered, including by . . . breaching oral and/or written agreements with or concerning Silverlake, breaching duties in tort to Silverlake regarding the escrow and the underlying transaction, and/or breaching duties to STG regarding the escrow and the underlying transaction." Dkt. 43 ¶ 57. The Court finds that, in the event that STG is determined to be liable to Silverlake in any amount, STG has sufficiently pled its claim for equitable indemnity against the Defaulted Third-Party Defendants.

Accordingly, the second and third Eitel factors weigh in favor of entering default judgment.

   3.  <u>Sum of Money at Stake in the Action</u>

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471-72. "This determination requires a comparison of the recovery sought and the nature of the defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.")

Here, STG moves for "entry of default judgment[] as to liability only" with "the amount of any monetary recovery to be determined at a later date." Mot. at 2. Accordingly, the Court finds that the fourth Eitel factor is inapplicable.

   4.  <u>Possibility of Dispute Concerning a Material Fact</u>

The fifth Eitel factor considers the possibility that material facts are in dispute. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471-72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177.

Here, STG has "filed a well-pleaded complaint alleging the facts necessary to establish its claims, and the court clerk entered default against" the Defaulted Third-Party Defendants. Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 500

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-03291-CAS-AGRx | Date | February 12, 2024 |
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

(C.D. Cal. 2003). Therefore, "no dispute has been raised regarding the material averments of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." Id.

Accordingly, the fifth Eitel factor weighs in favor of granting the motion for default judgment.

        5.     Possibility of Excusable Neglect

The sixth Eitel factor considers whether the defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471-72.

Here, the possibility of excusable neglect is remote. The Defaulted Third-Party Defendants each litigated this action prior to the stay, each received notice of the withdrawal of their respective counsel, and each was ordered to obtain new counsel or risk their answers being stricken. STG also alleges that it "sought to confer with representatives of each Defaulted Third-Party Defendant to no avail." Mot. at 9.

Accordingly, the sixth Eitel factor weighs in favor of granting the motion for default judgment.

        6.     Policy Favoring Decisions on the Merits

Pursuant to the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. While "'this preference, standing alone, is not dispositive,'" PepsiCo, 238 F. Supp. 2d at 1177, "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. Thus, the seventh Eitel factor weighs against entry of default judgment.

        7.     Conclusion Regarding the Eitel Factors

Apart from the policy favoring decisions on the merits, all the remaining Eitel factors weigh in favor of default judgment, including the merits of the SEC's claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all the Eitel factors, the Court finds that entry of default judgment against defendants is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-03291-CAS-AGRx | Date | February 12, 2024 |
|---|---|---|---|
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

### C. Relief Sought by STG

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation marks omitted). The moving party "has the burden of proving damages through testimony or written affidavit." See Bd. of Trustees of the Boilermaker Vacation Tr. V. Skelly, Inc., 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Moreover, the movant seeking default judgment must prove the damages sought, and although the Court may hold an evidentiary hearing to determine the amount of damages, no hearing is necessary "if the amount of damages can be determined from definite figures contained in the documentary evidence or in detailed affidavits." Bravado Int'l Grp. Merch. Servs., Inc. v. Quintero, No. 2:13-cv-00693-SVW-SS, 2013 WL 12126750, at *4 (C.D. Cal. Nov. 27, 2013) (citation omitted).

Here, STG moves for "entry of default judgment[] as to liability only" with "the amount of any monetary recovery to be determined at a later date." Mot. at 2. Accordingly, the Court **RESERVES JUDGMENT** as to the amount of damages the Defaulted Third-Party Defendants owe to STG.

### IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** STG's motion for default judgment and **RESERVES JUDGMENT** as to the amount of damages the Defaulted Third-Party Defendants owe to STG.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |