UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:17-cv-03291-CAS-AGRx | Date | January 10, 2025 |
|---|---|---|---|
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANT STEWART TITLE GUARANTY COMPANY'S MOTIONS *IN LIMINE* 1-3 (Dkts. 185-187, filed on December 10, 2024)

PLAINTIFF SILVERLAKE PARK, LLC AND THIRD-PARTY DEFENDANT DROMY INTERNATIONAL INVESTMENT CORPORATION'S MOTIONS *IN LIMINE* 1-2 (Dkts. 189-190, filed on December 10, 2024)

## I.  INTRODUCTION & BACKGROUND

The history and facts of this case are well-known to the parties and set forth in the Court's October 2, 2017 and October 1, 2024 orders. See dkts. 38, 183. On March 30, 2017, plaintiff Silverlake Park, LLC ("Silverlake" or "plaintiff") filed a complaint against defendant Stewart Title Guaranty Company ("Stewart") in the Superior Court for the County of Los Angeles. Dkt. 1-3. On May 2, 2017, Stewart removed the action to this Court. Dkt. 1.

On August 21, 2017, plaintiff filed its first amended complaint, the operative complaint before the Court. Dkt. 26. Plaintiff alleges claims for breach of fiduciary duty and negligence. Id. ¶¶ 27, 31-32. Plaintiff alleges that it invested approximately $13,300,000 in a real estate transaction that were deposited on its behalf with Stewart acting as the escrow holder. Id. ¶ 18. Plaintiff further alleges that Stewart impermissibly released those funds to entities not authorized to receive the funds. Id. ¶¶ 27-29, 31-33. Plaintiff alleges that those entities to whom the funds were released participated in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-03291-CAS-AGRx | Date | January 10, 2025 |
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

fraudulent scheme to obtain plaintiff's funds that was facilitated by the escrow arrangement. Id. ¶ 25.

On October 30, 2017, Stewart filed a third-party complaint seeking indemnity from Dromy International Investment Corporation ("DIICO") and various entities whom Silverlake claims improperly received distributions of funds. Dkt. 43.

On December 10, 2024, Stewart filed the instant motions *in limine*: (1) to exclude testimony from Silverlake's expert witness, Charles Jacobus, dkt. 185; (2) to exclude testimony that Silverlake provided escrow instructions to Stewart, dkt. 186; and (3) to exclude testimony regarding Stewart's written training materials, dkt. 187. Stewart concurrently filed a declaration and Exhibits A through F in support of these motions. Dkt. 188. On the same day, Silverlake and DIICO filed the instant motions *in limine*: (1) to exclude the assertion of comparative negligence as a defense, dkt. 189; and (2) to exclude portions of the expert report and testimony of Stewart's expert witness, Charles A. Hansen, dkt. 190.

On December 16, 2024, Stewart filed oppositions to Silverlake and DIICO's motions *in limine*. Dkts. 192-193. On the same day, Silverlake and DIICO filed oppositions to Stewart's motions *in limine*. Dkts. 194-196.

On January 6, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A motion *in limine* is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence." Goodman v. Las Vegas Metro. Police Dep't, 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013). Trial courts have broad discretion when ruling on such motions. See Jenkins v. Chrysler Motor Corp., 316 F.3d 664, 664 (7th Cir. 2002). Moreover, such rulings are provisional and "not binding on the trial judge" on the court. Ohler v. United States, 529 U.S. 753, 758 n.3 (2000). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:17-cv-03291-CAS-AGRx | Date | January 10, 2025 |
|---|---|---|---|
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

## III. DISCUSSION

### A. Stewart's Motions *in Limine*

#### 1. Stewart's Motion *in Limine* #1

Stewart moves to exclude testimony from Silverlake's expert witness, Charles Jacobus ("Jacobus"), arguing first that his expert report did not comply with Federal Rule 26(a) of Civil Procedure. Dkt. 185 at 5. Stewart argues that Silverlake withheld the information required by Rule 26(a)(2), including Jacobus' CV and retainer agreement, until October 23, 2024, the day before Jacobus' deposition. Id. at 4-5. Second, Stewart argues that Jacobus' testimony is irrelevant and would confuse the jury because Jacobus, who has little experience with California escrows, refers exclusively to Texas law and customs, even though California law applies to this case. Id. at 6. Stewart contends that Jacobus contradicts California law by assuming escrow holders owe duties to non-parties, by wrongly defining what is required to be a party to the escrow, and by misstating the "clear evidence of fraud" standard. Id. at 6-7.

Third, Stewart argues that portions of Jacobus' report fail to meet the requirement of Federal Rule 702 of Evidence that an expert's testimony "help the trier of fact to understand the evidence." Id. at 8. Specifically, Stewart asserts that Jacobus opines on general escrow documentation practices, but never analyzes whether Stewart complied with them, instead basing his entire opinion on Stewart not obtaining instructions from Silverlake before releasing the funds. Id. Fourth, Stewart argues that the Court should prohibit Jacobus from opining on ultimate issues of law, including the finding in his expert report that Stewart was negligent. Id. at 9.

In opposition, Silverlake and DIICO argue that Silverlake's failure to include all of the information required by Rule 26(a) in its initial expert disclosure was inadvertent and was corrected on October 23, 2024. Dkt. 194 at 2. Further, Silverlake and DIICO assert that Stewart did not object at the time the initial disclosures were provided. Id. Silverlake and DIICO contend that Stewart was not prejudiced by this issue, given that Jacobus' report is only two pages in length, the material produced on October 23, 2024 was not voluminous, and Stewart was able to complete Jacobus' deposition. Id. at 3. Because the failure was "harmless," Silverlake and DIICO argue that it does not meet the standard for sanctions in Federal Rule 37(c)(1) of Civil Procedure. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:17-cv-03291-CAS-AGRx | Date | January 10, 2025 |
|---|---|---|---|
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

Turning to the question of California law, Silverlake and DIICO contend that, while the Court found that it applies in determining whether Stewart owed Silverlake a duty of care, the question of whether Stewart's conduct fell below the standard of care is "separate and distinct." Id. Silverlake and DIICO argue that the appropriate inquiry is whether the conduct of escrow officer Sandy Hale ("Hale"), working exclusively in Stewart's Houston, Texas office, met the standard of care of similarly situated escrow officers, i.e., those in her same locale. Id. at 3-4. Thus, according to Silverlake and DIICO, Jacobus' opinions about Texas escrow practices and Hale's deviation from such practices are relevant. Id. at 5. Finally, Silverlake and DIICO argue that Jacobus will testify on the practices of Texas escrow officers and will not provide legal opinions. Id.

Pursuant to Federal Rule 37 of Civil Procedure, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, Stewart argues that Silverlake's failure to timely disclose Jacobus' CV and retainer agreement was not harmless, but Stewart does not explain how it was harmed. Silverlake asserts that the failure was inadvertent, and both parties agree that the missing materials were provided before Stewart deposed Jacobus. It appears to the Court that the deposition was not impacted and that the delay was harmless. The Court therefore finds that exclusion is not warranted on this basis. See Dinh v. Tornos Ltd., No. 8:20-CV-01481-MCS-ADS, 2021 WL 12311040, at *4 (C.D. Cal. Nov. 3, 2021) (finding that plaintiff's 11-day late expert disclosure was harmless because defendant had an opportunity to cure any surprise by taking or moving to compel the expert's deposition before the expert discovery cut-off deadline).

Next, the Court considers whether Jacobus' testimony must be excluded to the extent that he opines on Texas law and custom, as opposed to California law and custom. As an initial matter, the Court finds that Jacobus cannot testify as to Texas law, as the Court has previously found that California law applies in this case. See dkt. 38 at 7-10. This bars the statements from his expert report regarding the Texas Insurance Code. Ex. A at 2. Nevertheless, the Court finds that Jacobus is permitted to opine on the customs, standards, procedures, and practices of the Texas escrow industry, based on his experience in the industry. Further, he can testify about the standard of care that would apply to a hypothetical escrow agent. The Court agrees with Silverlake that this evidence is relevant to, while not dispositive of, the standard of care against which Hale's conduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-03291-CAS-AGRx | Date | January 10, 2025 |
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

will be measured, as an escrow officer working exclusively in Texas. See Bullis v. Sec. Pac. Nat. Bank, 21 Cal. 3d 801, 809 (1978) ("While the custom in the community does not necessarily establish how a reasonable person must act, it is evidence to be considered in determining the proper standard of care."); see also Judicial Council Of California Civil Jury Instruction No. 413 ("You may consider customs or practices in the community in deciding whether [*name of plaintiff/defendant*] acted reasonably.").

Lastly, the Court finds that Jacobus cannot testify as to legal conclusions, which are reserved for the jury. This bars the following statement from his expert report: that Stewart "was negligent in their record keeping and disbursed funds without the proper authorization, all contrary to the standard custom and practice of escrows handled in Texas." Ex. A at 3. See Ditton v. BNSF Ry. Co., No. CV-12-6932-JGB-JCGx, 2014 WL 12928305, at *9 (C.D. Cal. Jan. 6, 2014) ("Hayes' fourth opinion directly pertains to the ultimate legal conclusions in this case, namely BNSF's negligence. Accordingly, Hayes' fourth opinion is excluded").

    2.    Stewart's Motion *in Limine* #2

Stewart moves to exclude from trial any argument or suggestion that Silverlake provided escrow instructions to Stewart. Dkt. 186 at 3. Stewart argues that the California Civil Jury Instructions confirm that an escrow holder's duties are to "comply strictly with" the escrow instructions. Id. Stewart asserts that, when served with interrogatories requesting "any" escrow instructions that Silverlake and/or DIICO provided to Stewart, both Silverlake and DIICO responded that they "did not provide any party written escrow instructions." Id. at 4. According to Stewart, they also did not identify any oral instruction. Id. Stewart contends that "[a]t most," Silverlake identified an instruction within a bank transfer credit notice sent by Wells Fargo and an alleged conversation between Hale and David Dromy, Silverlake's corporate representative, in which he stated, "if the escrow was cancelled the deposited funds should be returned to our account." Id. Stewart argues that relying on this instruction at trial will confuse the jury because Silverlake has not shown that any person acting for Silverlake at this time gave the instruction. Id. Furthermore, Stewart argues that Silverlake has never argued that Stewart failed to comply with this alleged instruction, because the escrow was not "cancelled" before Stewart disbursed the funds. Id.

At oral argument, the parties agreed that Silverlake did not intend to argue at trial that Silverlake or DIICO ever provided escrow instructions. The parties also agreed that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-03291-CAS-AGRx | Date | January 10, 2025 |
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

even if the communications were not escrow instructions, conversations between Hale and third parties that are otherwise admissible could be received into evidence. The Court therefore denies Stewart's second motion *in limine* to the extent that it seeks to exclude this evidence, but grants the motion to the extent that it bars Silverlake from referring to this evidence, or any evidence, as an escrow instruction.

   3.  Stewart's Motion *in Limine* #3

  Stewart moves to exclude testimony regarding Stewart's written training materials, bulletins, or memoranda. Dkt. 187 at 3. Stewart contends that during Silverlake's deposition of Stewart's corporate representative, Carma Weymouth ("Weymouth"), Silverlake asked various questions regarding these materials. Id. According to Stewart, this information is irrelevant and unduly prejudicial because this is not a negligent supervision case. Id. Stewart therefore argues that Silverlake is entitled to submit evidence on whether Hale acted reasonably in managing the escrow, but not testimony from Weymouth. Id. Stewart contends that its position is supported by the fact that Jacobus did not rely on Weymouth's testimony in his expert report. Id.

  In opposition, Silverlake and DIICO argue that Stewart's lack of training materials, manuals, and other written resources addressing the situation faced by Hale are relevant and should be admitted at trial. Dkt. 196 at 1. Silverlake and DIICO contend that Weymouth's testimony on Stewart's lack of formal reference materials helps explain why Hale failed to act reasonably in managing the escrow, and "may reflect a systemic issue within Stewart [] as a company." Id. at 2. Further, even if Hale was negligent because she was inadequately supervised, Silverlake and DIICO argue that Weymouth's testimony is still relevant to Stewart's liability, because both Hale and Weymouth are agents of Stewart. Id. Additionally, Silverlake and DIICO assert that Weymouth's testimony helps establish whether Stewart's practices align with industry standards, which is relevant for determining negligence. Id.

  The Court finds that Weymouth's testimony on Stewart's formal training materials is relevant to whether or not Hale acted reasonably and thus whether or not she met the standard of care in managing the escrow. The fact that Silverlake did not bring a negligent supervision claim does not alter the relevance of this evidence to Silverlake's negligence claim. Accordingly, the Court denies Stewart's third motion *in limine*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-03291-CAS-AGRx | Date | January 10, 2025 |
|---|---|---|---|
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

### B. Silverlake and DIICO's Motions *in Limine*

#### 1. Silverlake and DIICO's Motion *in Limine* #1

Silverlake and DIICO move to exclude the assertion of comparative negligence as a defense. Dkt. 189 at 1. Silverlake and DIICO argue that the applicability of comparative negligence is not a jury question. Id. Silverlake and DIICO further argue that comparative negligence has no application when a defendant has breached a fiduciary duty, as Stewart did here. Id. at 1-2 (citing Carroll v. Gava, 98 Cal. App. 3d 892, 897 (1979) and Fed. Deposit Ins. Corp. v. Chicago Title Ins. Co., No. 12-CV-05198, 2019 WL 6497354, at *2 (N.D. Ill. Dec. 3, 2019)). Silverlake and DIICO contend that if Stewart is permitted to introduce evidence of Silverlake's alleged negligence at trial, it will waste time, confuse the jury, and unduly prejudice Silverlake. Id. at 4.

In opposition, Stewart argues that California courts have identified only limited circumstances under which comparative negligence may not be asserted as a defense, including cases of fraud and misrepresentation. Dkt. 192 at 2. Because Silverlake does not allege that Stewart committed fraud or misrepresented facts, Stewart contends that it can assert a comparative negligence defense here (citing Norman I. Krug Real Est. Invs., Inc. v. Praszker, 220 Cal. App. 3d 35, 43 (1990), reh'g denied and opinion modified (June 4, 1990)). Id. at 3. Additionally, Stewart argues that because Silverlake has asserted a negligence claim that is distinct from its breach of fiduciary duty claim, Stewart should be allowed to present evidence of Silverlake's alleged negligence at trial. Id. at 4. Finally, Stewart asserts that because Silverlake and DIICO fail to identify any specific evidence that should be excluded, their motion provides no clarity as to what can be introduced at trial, and may overlap with evidence that proves other factual disputes that the jury will need to resolve. Id. at 5.

The Court finds that Stewart can assert comparative negligence as a defense to Silverlake's negligence claim, but not as a defense to Silverlake's breach of fiduciary duty claim. It appears to the Court that one theory relied upon by Silverlake in its breach of fiduciary duty claim is that Stewart was on notice of "clear evidence of fraud" in the transaction and failed to disclose it. See dkt. 175 at 25. "Absent clear evidence of fraud, an escrow holder's obligations are limited to compliance with the parties' instructions." Summit Fin. Holdings, Ltd. v. Cont'l Laws. Title Co., 27 Cal. 4th 705, 711 (2002). If the escrow holder has clear evidence of fraud,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-03291-CAS-AGRx | Date | January 10, 2025 |
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

> [t]hen the escrow holder should not proceed with the transaction without disclosure. When the escrow holder proceeds to perform the escrow with knowledge of the fraud, he or she is in effect a participant in the fraud and may be liable to the defrauded party if the fraud is not disclosed. This is because an escrow holder is a fiduciary of the parties to the escrow. "Intentional failure to disclose a material fact is actionable fraud if there is a fiduciary relationship giving rise to a duty to disclose it." Further, "[a]n escrow holder has a fiduciary duty 'to communicate to his principal knowledge acquired in the course of his agency with respect to material facts which might affect the principal's decision as to a pending transaction, particularly where … he knows that the principal is looking to him for protection as to those very facts of which he has knowledge.'"

4 Miller & Starr, Cal. Real Estate (4th ed.) § 6:13 (internal citations omitted). It therefore appears that Silverlake's breach of fiduciary duty claim includes an allegation that Stewart was a participant in defrauding Silverlake, by knowingly failing to disclose material facts to DIICO and/or Silverlake. See also Salahutdin v. Valley of California, Inc., 24 Cal. App. 4th 555, 562 (1994) ("Most acts by an agent in breach of his fiduciary duties constitute constructive fraud."). Accordingly, the defense of comparative negligence is not available here. See Allen v. Sundean, 137 Cal. App. 3d 216, 226 (1982) (declining to apply "comparative fault principles to the intentional tort of fraudulent concealment"); Am. Exp. Travel Related Servs. Co. v. D & A Corp., No. CV-F-04-6737-OWW-TAG, 2007 WL 3217565, at *38 (E.D. Cal. Oct. 29, 2007) (finding that comparative fault does not apply to claims for fraudulent transfer, conspiracy to fraudulently transfer, alter ego or successor liability); Bliszcz v. Goldberg, No. 2D CIVIL, 2012 WL 1943649, at *4 (Cal. Ct. App. May 30, 2012) (affirming trial court when it did not apply the jury's finding of comparative fault to damages awarded for breach of fiduciary duty by defendant real estate broker, because the jury may have found that defendant violated the duty of undivided loyalty or the duty to inspect, disclose, and advise); Sabadia v. Holland & Knight LLP, No. B242773, 2018 WL 1581377, at *33 (Cal. Ct. App. Apr. 2, 2018) (affirming trial court's rejection of comparative fault instruction for breach of fiduciary duty claim, "insofar as [the breach of fiduciary duty claim] relied on intentional omissions or misrepresentations relating to matters regarding which [defendant] was subject to a duty of disclosure." ). Stewart argues that Norman I. Krug supports the availability of comparative fault as a defense against claims of negligent breach of fiduciary duty. Dkt. 192 at 3. However, the Court finds that Norman I. Krug is inapposite because there was no fiduciary relationship between the plaintiff and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-03291-CAS-AGRx | Date | January 10, 2025 |
|---|---|---|---|
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

the defendant broker. See Norman I. Krug, 220 Cal. App. 3d at 42. Further, unlike here, the plaintiff ignored advice from the defendant broker that would have protected the plaintiff's security. Id. at 45.

It remains unclear what specific evidence Stewart intends to offer in support of its comparative fault defense. Nevertheless, the Court finds that to the extent that this evidence is relevant and admissible to comparative fault, it will be offered subject to a limiting instruction, as it is only relevant to Silverlake's negligence claim, and not to Silverlake's breach of fiduciary duty claim. Accordingly, the Court grants Silverlake and DIICO's first motion *in limine* to the extent that it seeks to bar comparative fault as a defense to the breach of fiduciary duty claim, but denies the motion insofar as comparative fault is offered as a defense to Silverlake's negligence claim.

2. Silverlake and DIICO's Motion *in Limine* #2

Silverlake and DIICO move to exclude portions of the expert report and testimony of Stewart's expert witness, Charles A. Hansen ("Hansen"). Dkt. 190 at 1. Silverlake and DIICO argue that several of Hansen's opinions are "legal opinions masked as his expert opinions" or factual conclusions that should be reserved for the jury. Id. at 2. According to Silverlake and DIICO, these opinions include: that Stewart fully complied with applicable standards of care; that the facts of this case do not meet the "clear evidence of fraud" standard; that Silverlake was not a principal to the escrow; that Stewart acted appropriately by not treating Silverlake as an escrow principal; that the transaction was unsuspicious; that Stewart's conduct was "in the ordinary course of business"; and that third-party deposits in escrow do not result in the depositors becoming escrow principals. Id. at 3.

In opposition, Stewart argues that Hansen's report identifies a number of customs, practices, norms, and standards of care in the escrow industry and then applies them to the facts of this case, supporting his ultimate opinion that Stewart acted in accordance with the identified practices and norms. Dkt. 193 at 2. Stewart contends that Hansen does not provide an opinion explicitly stating whether Stewart breached a fiduciary duty or was negligent. Id. Stewart asserts that information on escrow practices is helpful to a jury, which can consider and decide for itself whether the customs and practices are reasonable. Id. at 3. Stewart then argues that, while Hansen will not opine on whether the "clear evidence of fraud" standard is satisfied, Hanson should be able to opine on usual escrow practices and what would or would not be customarily suspicious. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                  'O'

| Case No. | 2:17-cv-03291-CAS-AGRx | Date | January 10, 2025 |
|---|---|---|---|
| Title | Silverlake Park LLC v. Stewart Title Guaranty Company et al. | | |

The Court finds that Hansen is permitted to opine on the customs, practices, norms, and standards of care in the escrow industry. As with Jacobus, Hansen may testify as to the standard of care applied to a hypothetical escrow agent. However, Hansen cannot apply these customs, practices, norms, and standards to the facts of this case, opine on whether Stewart complied with them, or provide ultimate conclusions of law, as these are issues for the jury to decide. See OCG Energy, LLC v. Shen, No. 8:22-CV-01568-FWS-DFM, 2024 WL 694912, at *11 (C.D. Cal. Feb. 12, 2024) ("[The expert] may testify as to standards and norms within the oil and gas industry but may not testify as to legal conclusions, conclusions which invade the province of the jury"). Accordingly, the Court grants Silverlake and DIICO's second motion *in limine*.

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Stewart's first motion *in limine* to the extent that it bars Jacobus' testimony on Texas law and Jacobus' legal conclusions. The Court **DENIES** Stewart's first motion *in limine* to the extent that it bars Jacobus' testimony on customs, standards, procedures, and practices of the Texas escrow industry. The Court **GRANTS** Stewart's second motion *in limine* to the extent that it bars Silverlake from referring to the evidence, or any evidence, as an "escrow instruction," but **DENIES** the motion to the extent that it seeks to exclude the evidence. The Court **DENIES** Stewart's third motion *in limine*.

The Court **GRANTS** Silverlake and DIICO's first motion *in limine* to the extent that it seeks to bar comparative fault as a defense to the breach of fiduciary duty claim, but **DENIES** the motion insofar as comparative fault is offered as a defense to Silverlake's negligence claim. The Court **GRANTS** Silverlake and DIICO's second motion *in limine*.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |